IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN KEITH WRIGHT, | : | Civil No. 1:25-CV-00083 |
| Petitioner, | : | |
| v. | : | |
| F. GARZA, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Petitioner Brian Keith Wright's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence entered in the United States District Court for the District of Nevada. (Doc. 1.) Petitioner has also filed a motion to proceed *in forma pauperis*. (Doc. 2.) The court will grant the motion to proceed *in forma pauperis* and screen the complaint pursuant to Rule 4. The court will dismiss the petition as an attempt to raise a successive § 2255 motion, which this court lacks jurisdiction to consider.

### BACKGROUND

Petitioner is currently serving a total term of 92 months of imprisonment after a jury found him guilty of one count of assault on a federal officer or employee with a dangerous weapon and one count of assault on a federal officer or employee with intent to commit another felony. *United States v. Wright*, No. 2:17-cr-00142-JAD-VCF, Doc. 172, (D. Nev. Mar. 6, 2019). Petitioner appealed his

1

conviction, and the Ninth Circuit affirmed. *Id*. at Docs. 161, 174, 221. Petitioner then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in February of 2022. *Id*. at Doc. 223. The motion was characterized as follows and was denied:

> Wright's motion spins a tall tale that includes misconduct, illegalities, and coverups by Las Vegas Metropolitan Police Department officers, Federal Bureau of Investigation agents, an assistant United States Attorney, and at least three federal judges. It refers to the trials in which Wright was convicted as "modern day judicial lynching[s]," accuses the clerk of this court of tampering with his mail, and alleges that a judge's comments from the bench about Wright during another defendant's sentencing hearing—which were published in the Las Vegas Review Journal—poisoned the grand-jury and jury pools in his cases.

(*Id*. at Doc. 228.)

The court received the undated and unsigned[1] petition on January 14, 2025. (Doc. 1.) In the petition, Petitioner argues that "I[']v[e] been wrongfully convicted for nearly 8 years now!  I[']m being held because I beat the government in a big case and exposed their misconduct on youtube, evidence was fabricated against me, as part of the government retaliation and the same people came back and

---

[1] Federal Rule of Civil Procedure 11 requires that all pleadings, written motions, and other papers filed with the court "must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Also, the rule states, in pertinent part, that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Since the court lacks jurisdiction to consider the petition and in the interest of judicial efficiency, the court will dismiss the petition and close the case rather than returning it to Petitioner for his signature.

retaliated against me." (Doc. 1, p. 1.)[2] This petition appears to repeat the core arguments of the Section 2255 motion. The court will now screen the petition pursuant to Rule 4.

## DISCUSSION

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970). Here, the court finds that it lacks jurisdiction and ordering an answer would be unnecessary. Therefore, the court will dismiss the petition.

Federal prisoners seeking post-conviction relief from their judgment of conviction, or the sentence imposed, are generally required to bring such challenges by way of 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255. The Third Circuit has stated that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

allegedly in violation of the Constitution." *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).

Section 2255 provides, in relevant part, as follows:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

\*\*\*

(e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*See* 28 U.S.C. § 2255. Subsection (e) is commonly referred to as the "saving clause," and has historically been viewed as a legal basis to file a § 2241 petition to collaterally attack a judgment following an unsuccessful § 2255 petition, as Petitioner is attempting to do here. However, the Supreme Court has recently held that the savings clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing. *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

4

Here, Petitioner is unhappy with the result of his motion to vacate under § 2255 and is seeking a "do-over" in this district through the instant § 2241 petition. Pursuant to *Jones*, Petitioner cannot challenge his sentence anew by way of a § 2241 petition in this court. Accordingly, the court must dismiss the petition for lack of jurisdiction pursuant to § 2255(e).

## CONCLUSION

Petitioner's motion to proceed *in forma pauperis* will be granted and the Section 2241 petition will be dismissed for lack of jurisdiction. The court will close the case.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Date: May 12, 2025